HARDY, Judge.
Plaintiff brought this suit to recover the sum of $574.98, alleged to be the balance due by defendant on monies advanced during his period of employment with plaintiff. After trial there was judgment in favor of plaintiff as prayed, from which defendant prosecutes this appeal.
The facts are completely undisputed, established by plaintiff’s witnesses, and without any testimony on behalf of defendant.
Defendant was employed by plaintiff, who was engaged in the lumber business in Mansfield, De Soto Parish, Louisiana, during the year 1948 and part of 1949. In this period, from January 3, 1948, through August 5, 1949, plaintiff advanced defendant various sums of money totaling $1,295.00. Over the same period defendant was paid for labor and services performed and, on his instructions, a portion of his earnings, to the extent of $720.02, was credited against the total of advances as above noted. The balancing of advances and payments represents the amount which plaintiff seeks to recover in this action.
Defendant contends that plaintiff failed to show the nature of the contract of employment, the origin of the so-called drawing account, and the contemplated manner of its extinguishment. It is further argued, and authorities cited in support, that no obligation was established on the part of defendant to repay the excess of advances over earnings. Conceding this principle of law, we can only observe that the clearly established facts are at variance with the *850 basis for such a pronouncement. It is definitely shown that defendant’s earnings far exceeded the amount of the advances and, in view of this circumstance, the principle noted is inapplicable.
We think the record is sufficiently clear and complete to indicate that plaintiff, the employer, permitted defendant to draw substantial sums of money, and that it was contemplated that these sums should be repaid out of the defendant’s earnings. If this were not so, we cannot conceive of any explanation for defendant’s voluntary payment, represented by withholdings from his earnings which, at his direction, were credited against the advances received.
It is further contended on behalf of defendant that under Article 2277 of the Revised Civil Code a money obligation in excess of $500 must be proved by at least one credible witness and other corroborative circumstances. We think plaintiff has adequately met this requirement. The bookkeeper testified in detail as to the account, and certainly the circumstances established are conclusive as to the receipt of the money by defendant and the balance remaining. Additionally, we think that defendant’s failure to take the stand or to offer any testimony in his behalf is convincing beyond any question of a doubt as to the correctness of the facts sought to be established by plaintiff.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.